IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
February 23, 2024 04:38 PM
ST-2020-CV-00493
**TAMARA CHARLES**
**CLERK OF THE COURT**




**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED RESOURCES LTD. CO., <br><br> Plaintiff, <br><br> v. <br><br> VIRGIN ISLANDS WASTE MANAGEMENT AUTHORITY, ROGER MERRITT, in his official capacity as executive director of the VIRGIN ISLANDS WASTE MANAGEMENT AUTHORITY, THE GOVERNMENT OF THE VIRGIN ISLANDS, and ANTHONY THOMAS, in his official capacity as commissioner of the DEPARTMENT OF PROPERTY AND PROCUREMENT, <br><br> Defendants. | CASE NO. ST-2020-CV-00493 <br><br> ACTION FOR INJUNCTIVE RELIEF, BREACH OF CONTRACT, UNJUST ENRICHMENT, IMPLIED-IN-FACT CONTRACT, ACCOUNT STATED, AND FAILURE TO FUND AND PAY PER V.I. LAW <br><br> JURY TRIAL DEMANDED |

Cite as 2024 VI Super 9U

## MEMORANDUM OPINION AND ORDER

¶1 This matter comes before the Court on:

1. Defendant Government of the Virgin Islands' Motion To Dismiss ("Motion"), filed February 22, 2021;

2. Plaintiff's Opposition To The Government Of The Virgin Islands' Motion To Dismiss ("Opposition"), filed March 18, 2021; and

3. Government of the Virgin Islands' Reply To Plaintiff's Opposition To GVI's Motion To Dismiss ("Reply"), filed April 16, 2021.

¶2 The Court will grant in part and deny in part the Government of the Virgin Islands' ("GVI") Motion as the Court lacks subject-matter jurisdiction over GVI with regards to some of the claims.

### I. INTRODUCTION

¶3 On December 21, 2020, Plaintiff United Resources Ltd. Co. ("United") filed a Complaint alleging eight (8) counts: Count I – Breach of Emergency Hurricane Contract; Count II – Breach of Oral Contracts; Count III – Breach of Implied-In-Fact Contract; Count IV – Unjust Enrichment; Count V – Account Stated; Count VI – Open Account; Count VII – Injunctive Relief; and Count VIII – Failure To Fund And Pay. United demanded a jury trial in its Complaint. GVI made a

*United Resources Ltd. Co. v. V.I. Waste Mgmt. Auth. et al.*
Case No. ST-2020-CV-00493
Memorandum Opinion and Order
Page 2 of 10

2024 VI Super 9U

limited appearance to challenge this Court's jurisdiction pursuant to Virgin Islands Rule of Civil Procedure 12(b)(1) and to dismiss for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).[1]

¶4       Citing to V.I. CODE ANN. title 29, § 496, GVI states that Virgin Islands Waste Management Authority ("VIWMA") is an autonomous agency with the power to sue and be sued in its name as well as execute its own contracts.[2] GVI claims that United fails to assert an actual claim of action against it as GVI states that it is not a party to the debris removal contract in any form: implied, written, or oral.[3] GVI points out that VIWMA's procurement powers are "autonomous of GVI's procurement and supply system."[4] GVI also states that there is "no assertion that the alleged debt due pursuant to the debris removal contract arises out of any conduct attributable to GVI" and therefore GVI should be removed as a party.[5] Lastly, GVI states that United did not allege that GVI acted or failed to act in its administrative duty in dispersing payments.[6]

¶5       United opposes GVI's Motion and maintains that the public funds used by VIWMA are controlled by GVI and subject to its oversight.[7] United asserts that the establishment of VIWMA did not automatically equate to the suspension of GVI's procurement and supply processes under 31 V.I.C. §§ 231-251.[8] United states that VIWMA's enabling statute is "almost void of a procurement process for which VIWMA must follow."[9] United maintains that the procurement rules outlined in Title 31 are triggered when funds from the local treasury are used and Title 31 makes broad references of applicability to authorities and independent instrumentalities, not solely agencies.[10] Citing to ¶ 57 and Exhibit E of its own Complaint, United maintains that it is GVI's Department of Finance which has authorization over the funds sent to VIWMA to pay contractors."[11]

¶6       GVI replies that 29 V.I.C. § 497(d) plainly states that GVI is not responsible for the debts of VIWMA: "the debts, obligations, assets, contracts, bonds, notes, debentures, receipts, expenditures, accounts, funds, facilities and property of the Authority shall be deemed to be those of the Authority and not to be those of the Government of the Virgin Islands[.]"[12] Additionally, GVI cites to this Court's decision in *Nibbs v. Gov't of the V.I.*,[13] where this Court stated "[i]mportantly, the Government has immunized itself from VIWMA's debts. Because the

---

[1] Def.'s Mot. 1.
[2] Def.'s Mot. 4.
[3] Def.'s Mot. 4.
[4] Def.'s Mot. 4.
[5] Def.'s Mot. 5.
[6] Def.'s Mot. 5.
[7] Pl.'s Opp'n 2, 5.
[8] Pl.'s Opp'n 5-6.
[9] Pl.'s Opp'n 6.
[10] Pl.'s Opp'n 7.
[11] Pl.'s Opp'n 8. Exhibit E is a text exchange wherein VIWMA, through Amber Walker, notified United that their request for payment had been sent to the Department of Finance.
[12] 29 V.I.C. § 497(d). Def.'s Reply 5.
[13] Case No. ST-2013-CV-00520, 2015 V.I. LEXIS 120 (V.I. Super. Ct. Sept. 30, 2015).

*United Resources Ltd. Co. v. V.I. Waste Mgmt. Auth. et al.*
Case No. ST-2020-CV-00493
**Memorandum Opinion and Order**
**Page 3 of 10**

2024 VI Super 9U

Government has immunized itself from VIWMA's debts, VIWMA is responsible for paying judgments rendered against it."[14] GVI therefore asserts that "contrary to Plaintiff's assertion, GVI is immune from VIWMA's debts and has no obligation to pay or force VIWMA to pay the alleged debt due under the debris removal contract(s)."[15]

¶7 Additionally, GVI asserts that United's theory that GVI controls VIWMA procurement is unfounded, as VIWMA is "not included in the list of entities that the Commissioner [of the VI Department of Property and Procurement] serves."[16] GVI points out that the statute governing VIWMA does provide for procurement, giving the Executive Director of VIWMA procurement powers, and that GVI and VIWMA procurement processes are separate and independent of each other.[17] GVI concludes by stating that, as GVI is not a party to any form of contract with United, this Court cannot grant the relief that Plaintiff seeks, the case must be dismissed with prejudice.[18]

## II. LEGAL STANDARD

### A. Rule 12(b)(1) Motion To Dismiss

¶8 Virgin Islands Rule of Civil Procedure 12(b)(1) allows a party to assert by motion the defense that the Court lacks subject-matter jurisdiction.[19] As Rule 12(b)(1) is a jurisdictional attack, the Court must consider that motion before reaching 12(b)(6) motions.[20] A Rule 12(b)(1) motion may be treated either as facial or factual.[21] The difference, as explained by the Virgin Islands District Court, is that "[o]n a facial attack, a court must accept the allegations in the complaint as true" whereas with a factual challenge "the plaintiff's allegations are not presumed to be true."[22] With a facial attack, the Court only looks to the complaint and any documents referenced in or attached to the complaint in a light most favorable to the plaintiff.[23] However,

---

[14] *Id.* at *15. Def.'s Reply 5.

[15] Def.'s Reply 6.

[16] Def.'s Reply 6.

[17] Def.'s Reply 6.

[18] Def.'s Reply 7.

[19] V.I. R. Civ. P. 12(b)(1).

[20] *Brunn v. Dowdye*, 59 V.I. 899, 904 (V.I. 2013) (citing *V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008)) ("Prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute."); *see also In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993) ("When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot.").

[21] *Racz v. Cheetam*, 2019 VI SUPER 99U, ¶ 8 (citing first *Raymond v. Assefa*, Super. Ct. Civ. No. ST-15-CV-185, 2017 V.I. LEXIS 153, at *2 (V.I. Super. Nov. 8, 2017) (unpublished); then *Williams v. Juan F. Luis Hosp.*, 2019 VI Super. 54U, ¶ 3) ("Rule 12(b)(1) motions attacking the court's subject-matter jurisdiction may either be treated as facial or factual.").

[22] *Weiss v. Maccaferri, Inc.*, Civil No. 14-46, 2016 U.S. Dist. LEXIS 50436, at *4 (D.V.I. Apr. 11, 2016) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891, 892 n.17 (3d Cir. 1977)) (unpublished).

[23] *Hansen v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, Case No. SX-2015-CV-00509, 2018 V.I. LEXIS 87, at *4-5 (V.I. Super. Ct. June 33, 2018) (citing *James-St. Jules v. Thompson*, Civil No. SX-2009-CV-00136, 2015 V.I. LEXIS 74, at *7 (V.I. Super. Ct. June 25, 2015) (unpublished)) (unpublished).

*United Resources Ltd. Co. v. V.I. Waste Mgmt. Auth. et al.*
Case No. ST-2020-CV-00493
Memorandum Opinion and Order
Page 4 of 10

2024 VI Super 9U

when the challenge is factual, the Court must evaluate the merits of the jurisdictional claim based on the evidence offered by either party and the plaintiff is not afforded a presumption of truthfulness.[24]

### B. Rule 12(b)(6) Motion To Dismiss

¶9 Virgin Islands Rule of Civil Procedure 12(b)(6) allows a party to challenge a pleading for "failure to state a claim upon which relief can be granted."[25] To survive a 12(b)(6) motion, the plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief,"[26] and "[t]he facts alleged in the pleadings, and any inferences drawn therefrom must be viewed in the light most favorable to the plaintiff."[27] All material allegations in the complaint are taken as true, and the Court must construe all facts in a light most favorable to the non-moving party.[28]

¶10 "Even if a complaint is 'vague,' 'inartfully drafted,' 'a bare-bones outline,' or 'not a model of specificity,' the complaint may still be adequate so long as it can reasonably be read as supporting a claim for relief[.]"[29] Further, "the purpose of the notice pleading standard is to avoid 'dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.'"[30] Virgin Islands Rule of Civil Procedure 8(a) states that a claim for relief must contain a short statement of the grounds for the Court's jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief — because this is a notice pleading jurisdiction," and "a demand for the relief sought, which may include relief in the alternative or different types of relief."[31]

### C. Unjust Enrichment

¶11 In *Walters v. Walters*,[32] the Virgin Islands Supreme Court held that:

> [T]he elements of the unjust enrichment cause of action . . . require the plaintiff to prove (1) that the defendant was enriched, (2) that such enrichment was at the plaintiff's expense, (3) that the defendant had appreciation or knowledge of the

---

[24] *Id.* at *5 (citing *Weiss*, 2016 U.S. Dist. LEXIS 50436, at *4; then *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3rd Cir. 2017).

[25] V.I.R. Civ. P. 12(b)(6).

[26] V.I.R. Civ. P. 8(a)(2).

[27] *Adams v. North West Company (International), Inc.*, 63 V.I. 427, 438 (Super. Ct. 2015) (citing *Benjamin v. AIG Ins. Co. of Puerto Rico*, 56 V.I. 558, 566 (V.I. 2012)).

[28] *L'Henri, Inc. v. Vulcan Materials Co.*, Civ. No. 206–170, 2010 WL 924259, at *1 (D.V.I. Mar. 11, 2010) (citing *Christopher v. Harbury*, 536 U.S. 403, 406 (2002)).

[29] *Basic Servs., Inc. v. Gov't of Virgin Islands*, 2019 VI 21, ¶ 12 (citing *Casaday v. Allstate Ins. Co.*, 232 P.3d 1075, 1080 (Utah App. 2010)).

[30] *Basic Servs., Inc.*, ¶ 10 (citing V.I. R. CIV. P. 8 Reporter's Note; and *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017)).

[31] V.I. R. Civ. P. 8(a).

[32] 60 V.I. 768 (V.I. 2014).

*United Resources Ltd. Co. v. V.I. Waste Mgmt. Auth. et al.*
Case No. ST-2020-CV-00493
Memorandum Opinion and Order
Page 5 of 10

2024 VI Super 9U

benefit, and (4) that the circumstances were such that in equity or good conscience the defendant should return the money or property to the plaintiff.

## D. Injunction

¶12    This Court stated in *Newman v. McKay*[33] that the party seeking an injunction has the burden of proof and the Court should consider the following four (4) factors: "(1) the plaintiff's likelihood of success on the merits, (2) whether the plaintiff will suffer irreparable harm without injunctive relief, (3) whether granting injunctive relief will harm the defendant more than the plaintiff will be harmed without such relief, and (4) the public interest."[34]

## E. "Failure To Fund And Pay"

¶13    United asserts as Count VIII a claim titled "failure to fund and pay."[35] United cites 31 V.I.C. § 238, which requires government agencies to file with the Commissioner of Property and Procurement detailed estimates of their requirements for equipment and contractual services;[36] 31 V.I.C. § 233, which requires that purchase requests bear a certification that there is "a sufficient unencumbered apportionment of its appropriation balance, in excess of all unpaid obligations, to defray the amount of such order;"[37] 31 V.I.C. § 234, which states that "[n]o purchase shall be made by any department or agency of the government . . . except by written order approved by the Commissioner of Property and Procurement and issued in accordance with section 233 of this title," as well as provides that violators shall be personally liable and dismissed from employment;[38] and 31 V.I.C. § 248, which states in part that "[n]o contract or purchase on behalf of the government shall be made unless the same is authorized by law or is under an appropriation adequate to its fulfillment," as well as providing that a copy of any service contract must be "filed in advance with the Committee on Finance of the Legislature."[39]

¶14    VIWMA's enabling statute is in Title 29.[40] Title 29 V.I.C. § 497(d) states in part:

The Authority shall be a non-profit, independent public body politic and corporate and a governmental instrumentality subject, as provided herein, to the control of the aforementioned members, acting in their capacity as members of the Board thereof, but it is a corporation having legal existence and personality separate and apart from the Government and the officers controlling it. Subject to section 500e(a) of this chapter, the debts, obligations, assets, contracts, bonds, notes, debentures, receipts, expenditures, accounts, funds, facilities and property

---

[33] 58 V.I. 170 (V.I. Super. Ct. 2013).
[34] *Id.* at 175.
[35] Pl.'s Compl. ¶¶ 189-204.
[36] 31 V.I.C. § 238.
[37] 31 V.I.C. § 233.
[38] 31 V.I.C. § 234.
[39] 31 V.I.C. § 248.
[40] 29 V.I.C. § 496 is the enabling statute for VIWMA.

*United Resources Ltd. Co. v. V.I. Waste Mgmt. Auth. et al.*
Case No. ST-2020-CV-00493
Memorandum Opinion and Order
Page 6 of 10

2024 VI Super 9U

of the Authority shall be deemed to be those of the Authority and not to be those of the Government of the Virgin Islands, or any office, bureau, department, agency, commission, municipality, branch, agent, offices or employee thereof.[41]

¶15    Section 500e(a) states:

All property, including funds of the Authority, shall be exempt from levy and sale by virtue of an execution, and no execution or other judicial process shall issue against the same nor shall any judgment against the Authority be a charge or lien upon its property; except, that this subsection shall not apply to or limit the right of bondholders to pursue any remedies for the enforcement of any pledge or lien given by the Authority on its rates, fees, revenues, or other income or any other funds.[42]

## III.    ANALYSIS

¶16    GVI does not attach any documents to its Motion, so the Court considers only the Complaint and the documents attached to the Complaint. GVI has not indicated whether it is attacking the Complaint facially or factually, but it does state that "the pleadings fail to assert a factual or legal basis for any alleged debt owed to Plaintiff by GVI."[43] It thus appears that GVI's attack is factual.

¶17    United alleges that "GVI is responsible for funding of all legal and financial obligations of [VIWMA];" "GVI is ultimately responsible for the payment of all legal and financial obligations of [VIWMA];" GVI "is responsible for overseeing, administering, and making final approval for payment of the legal and financial obligations of [VIWMA];" and "[t]he Virgin Islands Department of Finance ("DF") is a department within the GVI responsible for holding, accounting for, and disbursement of funds for payment of the obligations of [VIWMA]."[44]

¶18    GVI is referenced in Count I – Breach of Emergency Hurricane Contract, when United alleges that "Plaintiff and [VIWMA], on its behalf and on behalf of the GVI, entered into a written agreement for Plaintiff to provide services on behalf of [VIWMA] and the GVI in exchange for Defendant paying Plaintiff for those services" and "GVI beached the agreement by not paying the invoices sent by Plaintiff."[45] In Count II – Breach of Oral Contracts, United alleges "[t]he GVI breached the agreements by not paying the invoices sent by Plaintiff" and that United suffered damages because of this breach.[46] In Count III – Breach of Implied-In-Fact Contract, United alleges that GVI's conduct and the circumstances demonstrate an agreement that GVI would pay

---

[41] 29 V.I.C. § 497(d).

[42] 29 V.I.C. § 500e(a).

[43] Def.'s Mot. 4.

[44] Pl.'s Compl. ¶¶ 20-24.

[45] Pl.'s Compl. ¶¶ 118, 121.

[46] Pl.'s Compl. ¶ 129.

for the services rendered for VIWMA, because "Plaintiff provided the services and invoiced [VIWMA]" but neither VIWMA or GVI paid those invoices.[47]

¶19     In Count IV – Unjust Enrichment, United alleges that "GVI received funds from the Federal Government specifically to pay Plaintiff for the services performed;" "GVI allocated funds to [VIWMA] specifically to pay Plaintiff for the services performed;" "Defendants have custody, control and authority of the funds from the Federal and USVI Government designated to pay Plaintiff for the services performed;" and that GVI had knowledge of these benefits, accepted them, were enriched by them, and it would be inequitable to allow GVI to keep them.[48] In Count V – Account Stated, United alleges "Plaintiff sent [VIWMA] statements of the services provided and of the outstanding balance owed by [VIWMA] and the GVI;" "[VIWMA] and the GVI never objected to the statements sent by Plaintiff until Plaintiff said that it would have to take legal action to collect the amounts due;" and "[VIWMA] and the GVI owes Plaintiff $4,621,092.64 plus interest, on the account."[49]

¶20     In Count VI – Open Account, United alleges "[p]ursuant to oral agreements between Plaintiff and [VIWMA], on its behalf and on behalf of the GVI, Plaintiff opened an account for [VIWMA] and the GVI and began providing services to and on behalf of [VIWMA] and the GVI as requested;" "Plaintiff invoiced [VIWMA] per the open account;" "[VIWMA] and the GVI never objected to the invoices sent by Plaintiff until Plaintiff said that it would have to take legal action to collect the amounts due;" and "[VIWMA] and the GVI owes Plaintiff $4,621,092.64 plus interest per Plaintiff's open account with Defendant."[50] In Count VII – Injunctive Relief, United only mentions GVI in the prayer for relief: "Plaintiff prays that the Court enter an order preliminarily ordering that the GVI and [VIWMA] place $5,621,092.64 from the $15,000,000.00 appropriated by the Virgin Islands Legislature into an escrow account, or in the registry of the Court."[51] In Count VIII – Failure To Fund And Pay, United cites to Title 31 and alleges that GVI had a duty to ensure that VIWMA had sufficient credit and funds prior to entering into a contract, GVI had oversight responsibilities prior to entering into the contract and during the performance of the contract, United performed the work and VIWMA and the GVI owe it money, VIWMA claims it does not have sufficient funds but GVI has sufficient funds, and GVI can allocate funds to VIWMA.[52]

¶21     United attaches to its Complaint, as Exhibit A, a letter from United States Virgin Islands Senator Janelle Sarauw to VIWMA regarding United's rate dispute; as Exhibit B, the letter from United giving their rate quotes; as Exhibit C, the Emergency Hurricane Contract signed by the Executive Director of VIWMA and United's Chief Executive Manager; as Exhibit D, an email referencing an auditor inquiry about the rates for the work between VIWMA and United; as Exhibit E, a text message exchange referencing how much United is owed and referencing a request for

---

[47] Pl.'s Compl. ¶¶ 134-38.
[48] Pl.'s Compl. ¶¶ 143-45, 149-52.
[49] Pl.'s Compl. ¶¶ 163-66.
[50] Pl.'s Compl. ¶¶ 163-66.
[51] Pl.'s Compl. ¶ 188.
[52] Pl.'s Compl. ¶¶ 189-204.

funds having been made to the Department of Finance; as Exhibit F, invoices sent by United to VIWMA; as Exhibits G-N, emails between United and VIWMA discussing emergency rates, bins, money owed to United by VIWMA, the outline of various projects, project requirements, and work conducted or to be conducted by United for VIWMA; as Exhibits O-R, VIWMA's announcement soliciting bids for waste removal projects and the corresponding bid response from United; as Exhibit S, a financial statement from United showing invoiced amounts, payments made by VIWMA, and payments outstanding from VIWMA; as Exhibit T, emails between United and VIWMA regarding use of barges, overdue payment issues and indicating successive attempts by United to reach VIWMA; as Exhibit U, an email from interim Executive Director Ann E. Hanley reaffirming VIWMA's commitment to paying its vendors what they are owed; as Exhibit V, Act No. 8381/Bill No. 33-0375 of the Virgin Islands Legislature appropriating fifteen million dollars ($15,000,000.00) to VIWMA for outstanding vendor payments to waste haulers; as Exhibit W, an email from Keith Richards of the Department of Planning and Natural Resources to United indicating that GVI provided fifteen million dollars ($15,000,000.00) to VIWMA to address prior debts; as Exhibit X, an email from purported counsel for VIWMA to United alluding to the financial circumstances of GVI and VIWMA and encouraging settlement at a lump sum over further rate negotiations; and finally as Exhibit Y, an offer letter from VIWMA to United offering settlement of the dispute for a lump sum of one million four hundred fifty six thousand five hundred ten dollars and twenty cents ($1,456,510.20).

¶22     Complaint Exhibits A, B, C, D, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, and Y from United, including the contract, bills, invoices, negotiations for further work, solicitations for bids, bids, discussions over work done and to be done, and so forth, are all between VIWMA and United. Further, in the Complaint GVI is just simply conflated with VIWMA in the allegations regarding the contract and accounts. GVI is plainly not a party to the contracts, either written, oral, or implied, or any account stated or open account. Title 29, § 497(d) plainly states that GVI is not responsible for the debts of VIWMA, as this Court in *Nibbs* again affirmed.[53] Therefore, Counts I, II, III, V, and VI must be dismissed against GVI and the Commissioner of the Department of Property and Procurement as this Court holds no jurisdiction over GVI as pertains to those claims.

¶23     However, United's Complaint Exhibits E, V, W, and X all implicate GVI as earmarking or providing funds to VIWMA for the purpose of settling its outstanding payments to waste removal contractors. The Court now considers whether the remaining claims can survive a Rule 12(b)(6) motion. Taking the evidence and allegations in a light most favorable to the plaintiff, Counts IV, VII, and VIII, which involve the equitable claims of unjust enrichment and injunction, as well as the claim that GVI failed to properly fund VIWMA, may go forward. As United has no legal remedy, since it is not a party to the contract, it is appropriate that it may pursue equitable remedies.[54] For injunctive relief, United has alleged it is owed a significant sum of money, that

---

[53] 29 V.I.C. § 497(d); *see also Nibbs*, 2015 V.I. LEXIS 120, at *15 ("Because the Government has immunized itself from VIWMA's debts, VIWMA is responsible for paying judgments rendered against it[.]").

[54] *Cacciamani & Rover Corp. v. Banco Popular de Puerto Rico*, 61 V.I. 247, 252 (V.I. 2014) ("Because unjust enrichment is an equitable remedy, it—like all equitable remedies—is inappropriate where a legal remedy is available."); *see also Mitsubishi Int'l Corp. v. Cardinal Textile Sales*, 14 F.3d 1507, 1518 (11th Cir. 1994) ("It is

GVI has control of these funds and may use or divert these monies, and United will be significantly harmed if it is not able to access this money, so GVI should be enjoined and the earmarked funds be put into escrow.

¶24    For unjust enrichment, United alleges that GVI was enriched by United's labor and expending of resources on its behalf, this enrichment came at United's expense in performing work and using its equipment and resources, that GVI was aware of this benefit, and the circumstances are such that GVI should reimburse United. Lastly, United has alleged that GVI failed to follow Title 31 provisions by contracting with United but failing to ensure there was a proper allocation of funds for United's contract services and by not following the proper protocol as outlined therein. While GVI asserts the procurement processes are different, at this stage dismissal would be premature and the parties should be permitted to brief the issue and offer evidence on this purported claim.

## IV.    CONCLUSION

¶25    On December 21, 2020, Plaintiff United filed a Complaint alleging eight (8) counts against VIWMA and GVI, as well as against the Executive Director of VIWMA and the Commissioner of the Department of Property and Procurement of GVI. On February 22, 2021, GVI filed its motion seeking to dismiss the counts against it on the basis of Virgin Islands Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6). Counts I, II, III, V, and VI will be dismissed as they relate to contracts and accounts that do not include GVI as a party, but rather are between United and VIWMA. However, under the notice pleading standard, United has implicated GVI in Counts IV, VII, and VIII, which may proceed at this stage.

Accordingly, it is hereby

**ORDERED** that Defendant Government of the Virgin Islands' Motion To Dismiss, filed February 22, 2021, is **GRANTED with respect to Counts I, II, III, V, and VI** and is **DENIED with respect to Counts IV, VII, and VIII**; and it further

**ORDERED** that **Counts I, II, III, V, and VI** are **DISMISSED with prejudice** against Defendants Government of the Virgin Islands and Anthony Thomas in his official capacity as Commissioner of the Department of Property and Procurement; and it is further

---

axiomatic that equitable relief is only available where there is no adequate remedy at law[.]").

*United Resources Ltd. Co. v. V.I. Waste Mgmt. Auth. et al.*
**Case No. ST-2020-CV-00493**
**Memorandum Opinion and Order**
**Page 10 of 10**

2024 VI Super 9U

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to Attorneys Tee Persad; Clive Rivers, Robert Goldsmith, III, and Assistant Attorney General Sheena Conway.

**DATED:** February **23**, 2024

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____

**LATOYA CAMACHO**
Court Clerk Supervisor: 2/29/2024

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

February 29, 2024 04:41 PM
ST-2020-CV-00493
TAMARA CHARLES
CLERK OF THE COURT



# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Thomas/St. John

| | |
|---|---|
| **United Resources LTD. CO.,** | Case Number: **ST-2020-CV-00493** |
| **Plaintiff** | Action: **Debt And Breach Of Contract** |
| **vs.** | |
| **Virgin Islands Waste Management Authority, Roger Merritt, in his official capacity as executive director of Virgin Islands Waste Management Authority, THE GOVERNMENT OF THE VIRGIN ISLANDS and ANTHONY THOMAS, in his official capacity as commissioner of the Department of Property and Procurement** | |
| **Defendants.** | |

## NOTICE of ENTRY
### of
### <u>Order</u>

**To:** Teeluck Persad, Esq.          Robert V. Goldsmith, III, Esq.
Clive C. Rivers, Esq.          Sheena Conway, Esq.

**Please take notice that on February 29, 2024**
**a(n)   Order Denying Defendant's Motion To Dismiss As Moot & Memorandum Opinion And Order**
dated   **February 23, 2024**   was/were entered
**by the Clerk in the above-titled matter.**

**Dated:   February 29, 2024**

**Tamara Charles**
**Clerk of the Court**

By:

**Elizabeth A. David**
**Chief Deputy Clerk**